**ALLIANCE COMMUNICATIONS TECHNOLOGIES, INC.,**
Plaintiff–Appellant,

v.

**AT & T CORPORATION,**
Defendant–Appellee.

No. 05–55722.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2007.

Filed June 27, 2007.

William L. Conti, Esq., San Marcos, CA, for Plaintiff–Appellant.

Phillip J. Eskanzi, Esq., Akin Gump Strauss Hauer & Feld, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: PREGERSON, FERNANDEZ, and SILER,* Circuit Judges.

## MEMORANDUM **

Plaintiff Alliance Communications Technologies, Inc. ("Alliance") appeals the district court's judgment following a bench trial in favor of Plaintiff AT & T Corporation ("AT & T") arising out of a contract dispute. For the reasons below, we affirm the district court.

■ Alliance first disputes the district court's finding that the payment provisions in the contract were ambiguous. We disagree. The section of the contract entitled "Commissions" provides that a customer order must have "successfully been processed through PIC authorization procedures" before Alliance was due any compensation from AT & T. However, an-

---

* The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

other section of the contract entitled "Invoicing" contemplates payment following "Third Party Verification." These terms become even less clear when read light of Paragraph 7(a) which permits AT & T to "verify, accept, or reject" any sales orders submitted by Alliance. Under such circumstances, New Jersey law permits courts to look to the course of performance between the parties as a tool in interpreting the contract.[1] *See Michaels v. Brookchester, Inc.,* 26 N.J. 379, 140 A.2d 199, 204 (1958) ("Where ambiguity exists, the subsequent conduct of the parties in the performance of the agreement may serve to reveal their original understanding."); *Cumberland County Improvement Auth. v. GSP Recycling Co.,* 358 N.J.Super. 484, 818 A.2d 431, 438 (2003) ("The [contract] must be read as a whole, in 'accord with justice and common sense.'") (citation omitted); *see also* N.J. STAT. ANN. § 12A:2–202(a) (West 2007).

■ Alliance also disputes the district court's finding that AT & T did not breach the implied covenant of good faith and fair dealing. We find this argument unconvincing because the record contains facts suggesting that AT & T was not motivated by bad faith in discontinuing to process orders submitted by Alliance. Not only had Alliance failed to "ramp down" sales as promised, AT & T also had reason to believe that Alliance was resubmitting customer orders that had already been processed or rejected. *See Wilson v. Amerada Hess Corp.,* 168 N.J. 236, 773 A.2d 1121, 1130 (2001) ("Without bad motive or intention, discretionary decisions that happen to result in disadvantage to the other party are of no legal significance.").

■ Alliance lastly contends that the district court abused its discretion in allowing testimony about overpayments to it by AT & T that was based on calculations not disclosed during pretrial discovery, in violation of FED. R. CIV. P. 26. Alliance argues that the testimony should have been barred per FED. R. CIV. P. 37(c)(1). However, AT & T's violation of Rule 26 was rendered harmless as Alliance had many months to review the contested information prior to trial and was granted leeway by the district court in cross-examining about the contested testimony. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001) (recognizing exception to Rule 37(c)(1) where discovery violation is harmless).

**AFFIRMED.**

---

1. We apply New Jersey law per the contract's governing law provision.